JOSEFINA, DOLORES, CARMEN and ENRIQUE AMY-RAMU, Plaintiff-appellants, *v.* HEIRS OF EUGENIO M. VERGES, consisting of his widow, CAROLINA RIEFKOHL, and their children EUGENIO, EUGENIA and ADELA VERGES-RIEFKOHL, Defendant-appellants.

No. 3712. Argued February 1, 1926.—Decided February 8, 1926.

*Jacinto Texidor* for the plaintiff-appellants. *Tomás Bernardini* for the defendant-appellants.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

The plaintiffs moved the court to rule that the brief filed by the defendants did not comply with the Supreme Court Rules; that it should be stricken from the record, and that consequently the appeal taken by the defendants be dismissed, albeit it is a fact that at the hearing the attorney for the plaintiffs stated that they had no interest in the dismissal of the appeal, but in procuring that the brief conform to the rules of this court.

The defendants opposed the motion and contended that their brief was in conformity with the rules and jurisprudence of this court, but said that in case the court should reach a contrary conclusion they would invoke its discretion to grant them reasonable time for making the necessary amendments without dismissing their appeal.

On the first day of the month of February, 1926, the court heard the oral arguments of counsel for both parties. We copy the following from the motion:

"That in this case the defendants have filed their brief as appellants.

"That in that brief they have covered pages 21 to 44 with what they call 'Proved facts' which in reality is nothing more than a statement of their opinion as regards certain facts which it is convenient to them to consider as proved.

"That the said defendants have no right under any law or rule of this court to intercalate in their brief what they may believe to be helpful by designating as proved facts what may appear to or suit them to be so, and Rule 42 of this court does not authorize the party to present anything but the statement of the case (which in the brief covers pages 1 to 21), the assignments of error and their argument, not including what they may call 'facts proved' tending to confuse this party and create excessive and unnecessary work.

"That in addition to what has been stated, in the said brief the assignments are argued without due separation and classification, for although in the assignment the supposed errors are separated, in the consideration of them the argument of each one is not begun with a clear and proper heading, and it is extremely difficult to follow the argument and to understand which of the assignments is being discussed. All of this is due to failure to follow the rule of this court, which was adopted to avoid confusion.

"That that manner of preparing the brief on appeal is not authorized by the Rules of this Court, but, on the contrary, violates their provisions."

The brief covers 178 pages. If judged by the paper, the neatness of its text, the fullness of its argument and the fact of its having been bound, it would merit only praise, but in fact it does not comply in due form with Rules 42 and 43 of the Supreme Court, as follows:

"42. Within ten days after the transcript of record has been filed in this Court, the attorney for the appellant shall file in Court a typewritten or printed brief, in duplicate, which shall contain a true and concise statement of the case, as it appears in the record; also an assignment of errors upon which his appeal is based, and he shall in addition thereto comply with the law of procedure now in force.

"43. The said appellant shall set out each error complained of, as committed in the court below, separately; and errors not assigned, unless fundamental, may be disregarded by the Court in the decision of the case."

■ The brief begins with a "Statement of the Case" which covers 21 pages. In it are copied in full the pleadings which already appear in the transcript of the record. Hence its unnecessary length.

What is required by Rule 42 is "a true and concise statement of the case, as it appears in the record," so that the court may quickly and exactly be informed of the nature of the case, of the proceeding resorted to and of the question or questions therein involved. The pleadings and exhibits have their proper place in the transcript and, unless it is absolutely necessary, they should not be copied in full into the statement. It is enough to copy the material parts or refer to them, indicating the pages of the transcript on which they are found.

■ The so-called "Proved Facts" cover 23 pages. They begin thus: "Proved Facts.—According to the evidence introduced, as contained in the transcript, from the development of the evidence admitted and examined during the trial and the admissions of the parties, the following facts were fully proved:"

That practice is not authorized by the Rules. Perhaps the defendants prepared the "Proved Facts" as a supplement to the statement of the case, but they can not be admitted as such. They only create confusion and might lead to wrong conclusions. It is the trial judge who should state the findings of fact.

■ The assignments of error cover pages 44 to 46 of the brief. There are ten assignments numbered and distinctly separated. They comply fully with the Rules.

But then follows the "Argument" which is developed on 130 pages without numberings or separate discussion of the

errors assigned. It is true that the argument on which all of the assignments are based may be found therein, but if it should be desired, for example, to examine the argument on the 5th assignment it would require the reading of pages and pages in order to find it, unless by luck the brief should be opened at the exact page where the argument begins.

The said 130 pages of the argument contain fourteen divisions that are separated by signs which seem to indicate that they treat of different matters. There are fourteen divisions of argument to ten assignments of error. The same signs are used also to separate some citations of statutes from others. If all were counted the number of divisions would be increased considerably. Besides, by reading the beginning of what seems to be separate parts, the reference to the assignment is not found. It is necessary to reread the brief in order to find the relationship.

In their written objections to the motion for dismissal the defendants undertake to designate the pages corresponding to the argument on each assignment of error and have to admit that the third, for example, contains, without an explanation in the brief, argument referring to the first two assignments and fails to fix the place corresponding to the last two assignments.

Rule 42 requires separate, distinct and numbered assignments of error, as was made in this case, and Rule 43 reasonably interpreted prescribes that each assignment be argued separately, and the best practice is to begin the argument with the same number given to the assignment and to repeat as a heading the generally short lines of the assignment. This does not mean that in all cases it is necessary to argue one by one the errors assigned.

In certain cases, for the sake of clearness and conciseness, various assignments may and should be argued together, but when that is done it should be stated at the beginning of the argument.

Now, as in this case the defendants have revealed their purpose to make and have made real efforts to present their appeal in the most ample and complete way and have invoked the discretion of the court, the appeal will not be dismissed and twenty days will be granted the said party for filing a new brief in accordance with the principles herein established. The hearing of the case set for the 11th of this month of February will be continued until a new setting be made.

Mr. Justice Hutchison dissented.